## Short Way Lines, Inc., v. Wallace.

Nov. 5, 1943.

R. W. Keenon and Richardson & Redford for appellant.

Thompson & Walden for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

On January 5, 1942, the appellee's automobile skidded into the rear end of appellant's bus after the bus had been brought to a stop on State Highway No. 80 in order to permit a passenger to alight. The jury awarded appellee $800 for personal injuries and $200 for damages to his automobile, and denied appellant a recovery on its counterclaim. This appeal is from so much of the judgment as awarded appellee damages; and, while several grounds for a reversal are urged, we deem it necessary to discuss only appellant's contention that it was entitled to a peremptory instruction.

The evidence discloses that the collision occurred about 4 o'clock in the afternoon at a point approximately 4½ miles east of Glasgow. Appellee, who was the jailer of Metcalfe County, was returning to his home at Edmonton, and had followed the bus from Glasgow at a speed of from 25 to 30 miles an hour. The road was covered with ice and snow, and appellee, according to his testimony, was aware that, because of this slippery condition, it would require probably 300 feet in which to bring his automobile to a stop. Accordingly, until shortly before the collision, he had maintained a distance between the two vehicles of from 150 to 300 or 400 yards. Mrs. Browning, a passenger on the bus, desired to alight at the driveway leading to her residence, but, before the bus could be brought to a stop, it had traversed a distance of 240 feet, during which time the driver had alternately applied and released his brakes. Appellee testified that at the time the bus passed the driveway, he was 200 or 300 feet behind it, and that he was 80 or 90 feet behind it when it came to a standstill; that he did not realize that the bus was slowing down until it was within 4 or 5 feet from the place where it stopped, and he was unable to explain how he got to within 80 or 90 feet of the bus except upon the supposition that he had not noticed the slowing down process. Appellee testified that he knew

that the bus was likely to stop to let off or take on passengers; yet, although it was daylight, and the road straight for a distance of some 300 yards with nothing to obstruct his view, he drove to within 80 or 90 feet of the rear of the bus, which, had he been looking, he must have observed was slowing down, presumably for the purpose of making a stop. Under these circumstances, it is difficult to escape the conclusion that appellee was guilty of contributory negligence as a matter of law.

But, whether or not appellee was barred from a recovery because of his contributory negligence, the fact remains that, under the rule announced in the case of Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877, there was not sufficient evidence of the appellant's negligence to warrant the submission of the case to the jury. Although appellee testified that the red stoplights on the rear of the bus did not flash and that no signal of any kind was given by the bus driver of his intention to bring the bus to a stop, and the guests in his car failed to observe any signals, the uncontradicted testimony, including that given by several of the bus passengers who were introduced as witnesses by appellee, showed that a few minutes after the collision the stoplights on the rear of the bus were tested in the presence of the appellee and found to be working properly. It is, of course, possible, as suggested by appellee, that between the moment of the collision and the testing of the lights, the driver replaced a previously blown out fuse and thus caused the lights to operate, but this is mere speculation, and wholly unsupported by proof. Since the lights were so connected with the brakes as to flash automatically when the brakes were applied, and the uncontradicted testimony showed that the driver applied his brakes at frequent intervals while the bus was traversing the 240 feet between Mrs. Browning's driveway and the point where it finally stopped, no other conclusion is reasonably possible than that the lights were working properly and that appellee, his young daughter, and her two girl companions, all of whom were occupying the front seat of the appellee's coupe, one of the girls sitting in the lap of another, simply were not observing the bus closely. This also seems to afford the only rational explanation of appellee's failure to observe that the bus was slowing down and gradually coming to a stop. It is true that appellee, in attempting to fasten negligence on the bus driver, testified that there was a sharp curve in the road about 100 yards

ahead, and that when the bus stopped it was occupying more than its side of the road which made it impossible to pass without driving on the shoulder. But the proof overwhelmingly showed that the bus driver pulled off to the right of the road before stopping.

It follows that the Court should have sustained appellant's motion for a directed verdict.

Judgment reversed.